ORIGINAL

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR - 4 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

1  Submitted Jointly

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| QUIKSILVER, INC., a Delaware Corporation, and FREDRICK PATACCHIA, JR., an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ORANGE CLOTHING COMPANY, a Florida Corporation, and KMART CORP. OF ILLINOIS, an Illinois Corporation,<br><br>Defendants. | Case No. SACV08-01137 AG (MLGx)<br><br>[~~PROPOSED~~] CONSENT JUDGMENT AND PERMANENT INJUNCTION |

Pursuant to the Stipulation for Entry of Judgment and Permanent Injunction filed in this matter,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment be entered in favor of Plaintiffs Quiksilver, Inc. ("Quiksilver") and FREDRICK PATACCHIA, JR. ("Pattachia") (collectively "Plaintiffs"), and against Defendant ORANGE CLOTHING COMPANY ("Orange Clothing"), and that Defendant Orange Clothing, and its respective directors, officers, agents, servants, employees and/or representatives, successors and assigns, and all other persons acting at the request or direction of Orange Clothing, are hereby permanently restrained and enjoined from:

1. Using the image or likeness of Patacchia or any other Quiksilver-sponsored athlete in the design, advertising, promotion, marketing, offering for sale or sale of any products or services;

2. Using the Boarding Wave Logo, as depicted in Exhibit A attached hereto, whether alone or in combination with any other symbol, word or mark, in the design, advertising, promotion, marketing, offering for sale or sale of any products or services, except that Orange Clothing shall not be enjoined from using the wave depicted in the Boarding Wave Logo as part of a combined logo that includes a word of at least four letters within the logo, provided that the word is depicted of equal prominence to the wave, and provided that such combined logo be used in a manner not likely to cause confusion with Quiksilver's products or trademarks;

3. Using any other confusingly similar variations of Quiksilver's Mountain and Wave and Old Mountain and Wave trademarks, as depicted in Exhibits B and C respectively attached hereto, in any manner which is likely to create the erroneous impression that Orange Clothing's goods originate from Quiksilver, are endorsed by Quiksilver, or are connected in any way with Quiksilver;

4. Using an image or representation of any Quiksilver products in the design, advertising, promotion, marketing, offering for sale or sale of any products;

5. Positioning a logo or design on the bottom edge of a shirt sleeve in a manner similar to that depicted in Exhibit D attached hereto, using a flex fly similar to Quiksilver's patented "neo fly" as depicted in Exhibit E attached hereto, or otherwise adopting any confusingly similar variations of Quiksilver's distinctive trade dress in the design, advertising, promotion, marketing, offering for sale or sale of (a) any products displaying and/or sold in connection with the name "Boarding" or any logo usage as described in Paragraph No. 2, or (b) any products sold, marketed or advertised as surf-, skate- or snow-inspired, and;

6. Using hangtags or labels that are copies, derivatives of or styled to appear similar to the hangtags or labels affixed to Quiksilver's products in the design, advertising, promotion, marketing, offering for sale or sale of any products.

Dated: MARCH 5, 2009

Hon. Andrew J. Guilford
U.S. District Court Judge